IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE QUICK (TDCJ No. 1243617), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-535-C-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division,[1] | § § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Steven Wayne Quick, a Texas prisoner, filed a *pro se* application for

writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This resulting action was

referred to the undersigned United States magistrate judge for pretrial management

under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States

District Judge Sam R. Cummings.

Because the application is an unauthorized successive petition, the Court is

without jurisdiction to consider it. The undersigned therefore enters these findings of

fact, conclusions of law, and recommendation that, given Quick's multiple past

challenges to this conviction, the Court should dismiss this action without prejudice

to his right to seek authorization from the United States Court of Appeals for the Fifth

---

[1] The Clerk is DIRECTED to substitute as respondent Lorie Davis, the current Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

Circuit to file a successive habeas application.

### Applicable Background

As another judge of this Court recounted,

> [o]n July 7, 2004, Petitioner was convicted of unlawful restraint in Cause No. 22,051 in the 196th Judicial District Court in Hunt County, Texas, and sentenced to twenty years' imprisonment. He appealed, and the Sixth District Court of Appeals affirmed his conviction and sentence in an unpublished opinion on March 17, 2005. *Quick v. State*, No. 06-04-00107-CR (Tex. App. – Texarkana, March 17, 2005, no pet.). He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. ...
>
> The records of the Texas Court of Criminal Appeals show that he did file a state writ application challenging his conviction on June 12, 2012, and it was denied on the merits without a written order on August 8, 2012. *See Ex parte Quick*, No. WR-19,831-02 (Tex. Crim. App. Aug. 8, 2012).
>
> Petitioner has also previously filed several federal petitions for habeas corpus relief challenging his 2004 conviction for unlawful restraint. His February 2, 2006 petition was dismissed without prejudice for failure to exhaust state court remedies. *See Quick v. Dretke*, No. 3:06-cv-280-B (N.D. Tex. March 21, 2006). His March 4, 2011 petition was dismissed without prejudice for want of prosecution on February 27, 2012. *See Quick v. Alford*, No.3:11-cv-2520-N (N.D. Tex. March 22, 2012). His August 23, 2011 petition was dismissed without prejudice on his own motion. *See Quick v. Thaler*, No. 3:11-cv-2095-L (N.D. Tex. Sep. 30, 2011). His August 24, 2012 petition was denied with prejudice as barred by the statute of limitations. *See Quick v. Alford*, No. 3:12-cv-3378-M (N.D. Tex. Sep. 25, 2012). A fifth § 2254 petition, filed on July 23, 2014, was transferred to the Fifth Circuit as successive. *See Quick v. Stephens*, No. 3:14-cv-3008-B (N.D. Tex. January 6, 2015).

*Quick v. Stephens*, No. 3:15-cv-2559-N-BH, 2015 WL 5021379, at *1 (N.D. Tex. Aug. 5, 2015), *rec. adopted*, 2015 WL 5017046 (N.D. Tex. Aug. 24, 2015) (citations omitted).

The Court also dismissed Quick's sixth Section 2254 petition as successive without prejudice to his seeking leave from the Fifth Circuit. *See Quick v. Carter*, No. 3:15-cv-3950-L-BN (N.D. Tex. Apr. 6, 2016). And the Fifth Circuit dismissed his

authorization to file that successive petition for failure to comply with its notice. *See In re Quick*, No. 16-10398 (5th Cir. May 17, 2016).

And, in 2019, the Court dismissed without prejudice a more recent successive petition filed by Quick. *See Quick v. Davis*, No. 3:19-cv-1596-K-BN, 2019 WL 4359381 (N.D. Tex. Aug. 20, 2019), *rec. accepted*, 2019 WL 4320571 (N.D. Tex. Sept. 11, 2019).

## Legal Standards and Analysis

28 U.S.C. § 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Quick's current claims are another attack on his underlying, unlawful-restraint conviction – and, more to the point, allege defects in that conviction that "existed ... at the time of the prior petition ... even if the legal basis for the [current] attack was not" known to him when he filed the initial habeas petition. *Id.* at 222. He is therefore

-3-

currently attempting to present a claim that is successive. *See id.* at 221 ("Leal's view

of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later

habeas petitions to assert that, because the evidence was not previously discovered or

discoverable, the claim was unavailable; therefore, the later petition is non-successive.

Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based

on a *factual* predicate not previously discoverable are successive.").[2]

Quick's failure to obtain authorization from the Fifth Circuit under 28 U.S.C.

§ 2244(b)(3) deprives the Court of jurisdiction to consider the current habeas

application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to

obtain authorization from the federal appellate court in his circuit before he may file

a 'second or successive' petition for relief in federal district court. Without such

authorization, the otherwise-cognizant district court has no jurisdiction to entertain

a successive § 2254 petition." (footnotes omitted)).

And, given Quick's history of filing petitions aimed at this conviction, "a

dismissal without prejudice appears more efficient and better serves the interests of

justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01

---

[2] *See also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam)
("Where a petitioner seeks 'to add a new ground for relief' that was or could have
been raised in an earlier federal habeas application" – including a claim of actual
innocence – a court "must treat it as a second or successive habeas petition."
(quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn,
*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))); *Blackman v. Stephens*, No. 3:13-cv-
2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims
raised in her third federal habeas application attack purported defects that existed
or claims that were ripe at the time of the prior applications even though Petitioner
claims that the evidence to support and identify those claims was not previously
discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

& 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Petitioner Steven Wayne Quick's *pro se* application

for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file,

under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive Section

2254 application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 4, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-5-